## Jones v. Williams Coal Company.

(Decided September 30, 1910.)

### Appeal from Ohio Circuit Court.

Action for Injury—Failure of Proof—Peremptory Instruction.—The facts of this case are fully stated in the opinion delivered upon a former trial which may be found in 118 S. W. 342. As Jones' whole case was grounded upon the proposition that his failure to inspect the car was due to the failure of the company to furnish him an assistant, it was necessary that he should clearly show that such failure deprived him of the opportunity to carefully inspect the car. Upon this vital point there is a failure of proof and the court properly instructed the jury to find a verdict for the defendant company.

HEAVRIN & WOODWARD for appellant.

H. P. TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The facts of this case are fully stated in the opinion delivered upon a former appeal, which may be found in 118 S. W. 342. On the trial that was had after the case was sent back, the lower court upon the conclusion of the evidence for Jones instructed the jury to find a verdict in favor of the appellee company. The only question upon this appeal is the correctness of this ruling of the trial judge.

The injury to Jones was caused by the falling of a brakebeam on the car on which he was riding to and from the coal tipple and the Illinois Central railroad. It was the duty of Jones to inspect the brakebeam, and it is shown that if it had been inspected the defect that caused it to fall could have been discovered and the accident prevented. Jones' cause of action against the company was based on the fact that on the day of the injury he was required to do the work of two men and consequently did not have time to inspect the car as he would have done if he had assistance.

On the former appeal, the court said: "There is no proof at all that Jones informed the boss that the work could not properly be done by one man, or that the boss assured him that one man was sufficient to do the work,

or that he received any assurance from the boss as to his safety in doing the work. * * * Jones does not show that he did not inspect the car, or that he failed to inspect it because he had not time to do so. He does not show that the boss told him not to inspect the cars, or relieved him of his duty. There is nothing in the proof to show that he was prevented from making an inspection by reason of the absence of Jackson, and it is not shown that by any inspection which he could have made the dropping down of the brake shoe could have been averted. * * * While Jones does testify that he had to be in a hurry all that day because he had to run both ends, as Jackson was away, he does not testify that he was so hurried as to prevent him from inspecting the car before starting down the hill with it. He does not testify that he was acting at the time under any emergency requiring him to dispense with the inspection of the cars by reason of the double duty the defendant had imposed on him."

On the last trial Jones testified that he had previously examined the cars every day, but that on the day he was injured he did not have time to make a careful examination of the cars or such an examination as he would have made if he had the time. It is further shown by the evidence that the boss told him he would have to handle the cars both ways and that he said to the boss he would do the best he could, and that the boss then said "go ahead and do the best you can."

There is no evidence that Jones told the foreman that if required to do the work of himself and the other person who had assisted him, he would not have time to inspect the cars, indeed it does not appear that Jones directed the attention of the boss to this point or that the boss made any statement concerning it. Nor is it shown in any satisfactory way that Jones did not have time to give the cars such an inspection as would have disclosed the defective condition of the brakebeam. In fact the evidence leaves the impression that he did have time to make the necessary inspection but failed to do it.

As Jones' whole case was grounded upon the proposition that his failure to properly inspect the car was due to the failure of the company to furnish him assistance, it was necessary that he should clearly show that the failure to furnish him assistance deprived him of the opportunity to inspect carefully the car. Upon this vital point in the case there is a failure of proof, and we think

the court properly instructed the jury to find a verdict for the company.

The judgment is affirmed.